UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PIA HOFMANN,

                                 **Plaintiff,**                                  **MEMORANDUM**
                                                                             **AND ORDER**

                                **-against-**                                               **11-CV-2346 (CBA)**

**SCHIAVONE CONTRACTING CO.**
**LLC, et al.,**

                                **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is the request of defendant John Hassler ("Hassler"), filed on February 28, 2012, for permission to amend Hassler's Answer to assert cross-claims for contribution and indemnity against co-defendant Schiavone Contracting Co. LLC ("Schiavone"), and to assert similar third-party claims against Skanska USA Civil Northeast Inc. ("Skanska") and J.F. Shea Construction, Inc. ("J.F. Shea"). See Motion to Amend/Correct/Supplement (Feb. 28, 2012) ("2/28/12 Motion"), DE #25; First Motion to Amend/Correct/Supplement (Mar. 9, 2012) ("3/9/12 Motion"), DE #30.[1]  Counsel for plaintiff takes no position on the request. See 2/28/12 Motion at 2.  Co-defendant Schiavone's attorney -- who also represents the "S-3 Tunnel Constructors Joint Venture" ("S-3 Joint Venture"), consisting of Schiavone, Skanska and J.F. Shea, see Response to Motion (Mar. 6, 2012)

---

    [1] Hassler first requested leave to amend on February 17, 2012, see First Motion (Feb. 17, 2012), DE #23, but the motion was denied without prejudice because Hassler failed to seek the consent of the other parties.  See Endorsed Order (Feb. 21, 2012), DE #24.

("Response") at 1, DE #28 -- opposes Hassler's request on the ground that the "proposed amendments to his pleading are untimely and futile." Id. at 3.

The Court grants Hassler's request. First, Hassler cannot be faulted for failing to amend his pleading by November 18, 2011, the deadline set by the Court at the October 5, 2011 initial conference. See Minute Entry (Oct. 5, 2011), DE #18. As expressly noted in the Court's Minute Entry, Hassler had not even been served as of the date of the initial conference, see id. at 1, and he first appeared in the action on November 30, 2012, see Answer (Nov. 30, 2011), DE #20, after that deadline had already passed. Moreover, the November 18th deadline represented the date by which the parties could amend without further leave of the Court; it was not a date beyond which no further amendments would be allowed.

The Court is satisfied that counsel for Hassler was sufficiently diligent in investigating the underlying facts and in ascertaining the nature of the S-3 Joint Venture. See 3/9/12 Motion at 2. To be sure, the Court would have preferred a prompter investigation and resulting motion. However, Hassler was no less diligent than any of the other parties to this action: As of February 10, 2012, the date scheduled for a settlement conference before this Court, no discovery had taken place, prompting the Court to adjourn the conference to May 9, 2012. See Minute Entry (Feb. 10, 2012), DE #22. The situation remained the same as of February 28, 2012, when Hassler filed his request to amend. See 2/28/12 Motion at 1.

In these circumstances, and in light of the fact that Schiavone's counsel also represents the S-3 Joint Venture (whose members include Skanksa and J.F. Shea), the Court concludes that any delay entailed in joining new parties will be relatively modest and that, in any event, the parties are likely to seek an extension of discovery – with or without an amended pleading.

Further, any prejudice resulting from the delay in adding new claims can be cured by extending the discovery deadlines.

Finally, with respect to Schiavone's argument that Hassler's proposed claims would be futile, <u>see</u> Response at 3, the Court's allowance of the amended pleading is without prejudice to any defenses that Schiavone, Skanska and J.F. Shea might assert in response to the new claims.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court grants Hassler's request to amend his pleading to assert the referenced cross-claims and third-party claims. By March 27, 2012, Hassler shall enter his new pleadings into ECF as separate documents, and shall promptly effect service on Skanksa and J.F. Shea. The April 30th discovery deadline is adjourned *sine die*, as is the May 9th settlement conference. The parties are directed to confer and, by April 20, 2012, to file a joint proposed modified discovery schedule.

SO ORDERED.

Dated: Brooklyn, New York
March 26, 2012

ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE