UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
 *SCHIAVONE CONSTRUCTION CO. LLC*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404
    MARC S. WENGER, ESQ.
    KIMBERLY N. DOBSON, ESQ.
    TIMOTHY DOMANICK, ESQ.

-------------------------------------------------x

PIA HOFMANN,

                      Plaintiff,

    -against-

SCHIAVONE CONTRACTING CORP.,
SCHIAVONE CONSTRUCTION CO. LLC,
JOHN HASSLER, AND INTERNATIONAL
UNION OF OPERATING ENGINEERS
LOCAL 14-14B,

                      Defendant.

Civ. No.: Civ. No.: 11-2346
(MKB)(RLM)

**ANSWER TO DEFENDANT HASSLER'S CROSSCLAIMS**

-------------------------------------------------x

JOHN HASSLER,

                      Third-Party Plaintiff,

    -against-

SKANSKA USA CIVIL NORTHEAST,
INC., AND J.F. SHEA CONSTRUCTION,
INC.,

                      Third-Party Defendants.

-------------------------------------------------x

TO:    Joseph H. Green, Esq.
        *ATTORNEY FOR DEFENDANT HASSLER*
        160 Broadway, Suite 500
        New York, New York 10038

Defendant SCHIAVONE CONSTRUCTION CO. LLC, sued incorrectly herein as "SCHIAVONE CONTRACTING CORP. AND SCHAIVONE CONSTRUCTION CO. LLC" (referred to herein as "Defendant"), by and through its undersigned counsel, hereby responds to the allegations contained within Defendant Hassler's "Second Amended Answer of Defendant John Hassler to the Complaint and Cross Claims" (hereinafter, "Second Amended Answer") as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 1 through 63 of the Second Amended Answer.

## AS TO CROSS-CLAIM FOR CONTRIBUTION AGAINST DEFENDANT SCHIAVONE CONSTRUCTION CO., LLC

2. Defendant denies the allegations contained in paragraph 64 of the Second Amended Answer.

3. Defendant admits the allegations contained in paragraph 65(a) of the Second Amended Answer, except denies any implication that the allegations in the Complaint are accurate.

4. Defendant admits the allegations contained in paragraph 65(b) of the Second Amended Answer, except denies any implication that the allegations in the Complaint are accurate.

5. Defendant denies the allegations contained in paragraph 65(c) of the Second Amended Answer.

6. Defendant denies the allegations contained in paragraph 65(d) of the Second Amended Answer.

7. Defendant denies the allegations contained in paragraph 65(e) of the Second Amended Answer.

8. Defendant admits the allegations contained in paragraph 65(f) of the Second Amended Answer.

9. Defendant admits the allegations contained in paragraph 65(g) of the Second Amended Answer.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65(h) of the Second Amended Answer, except denies any implication that the allegations in the Complaint are accurate.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65(i) of the Second Amended Answer, except denies any implication that the allegations in the Complaint are accurate.

12. Defendant denies the allegations contained in paragraph 66 of the Second Amended Answer.

## AS TO "WHEREFORE CLAUSE"

13. Defendant denies that Defendant Hassler is entitled to the relief demanded in the "Wherefore" clause and further denies any allegations in the Second Amended Answer not unequivocally admitted herein.

## AFFIRMATIVE DEFENSES

14. Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant, Defendant asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

Defendant Hassler's crossclaims against Defendant should be dismissed because and to the extent that they fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant Hassler is not entitled to contribution as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

Defendant Hassler is not entitled to indemnification as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

Defendant Hassler has no contractual right to indemnification or contribution.

### FIFTH AFFIRMATIVE DEFENSE

Any injury to Defendant Hassler was caused, in whole or in part, by his own actions or inactions, or by the actions or inactions of others.

### SIXTH AFFIRMATIVE DEFENSE

Defendant Hassler's claims are barred, in whole or in part, because Defendant is not liable for any acts by its employees or agents committed outside the scope of their employment.

### SEVENTH AFFIRMATIVE DEFENSE

At all relevant times hereto, Defendant acted in good faith and did not violate any rights which may be secured to Defendant Hassler under federal, state or local laws, rules, regulations or guidelines.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant did not breach any duty or obligation owed to Defendant Hassler, express or implied, arising from common law, statute, contract or otherwise.

### NINTH AFFIRMATIVE DEFENSE

Defendant Hassler is not entitled to contribution or indemnification for any and all claims alleged by Plaintiff solely against Defendant Hassler.

### TENTH AFFIRMATIVE DEFENSE

The Court should not exercise pendent or supplemental jurisdiction over Defendant Hassler's non-federal claims and, consequently, should dismiss any non-federal claim for lack of subject matter jurisdiction.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant Hassler's claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver, estoppel, laches, and/or the unclean hands doctrine.

Defendant reserves the right to plead additional separate and affirmative defenses, which may be ascertained during the course of this action or otherwise.

**WHEREFORE**, Defendant requests that the Court:

a) dismiss with prejudice the Second Amended Complaint;

b) deny each and every demand, claim and prayer for relief contained in the Second Amended Complaint;

c) award to Defendant reimbursement for its costs, including attorneys' fees; and,

d) grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
      June 7, 2012

                          Respectfully submitted,

                          JACKSON LEWIS LLP
                          *ATTORNEYS FOR DEFENDANT*
                          *SCHIAVONE CONSTRUCTION CO. LLC*
                          58 South Service Road, Suite 410
                          Melville, New York 11747
                          (631) 247-0404

By: _____
                          Marc S. Wenger, Esq.
                          Kimberly N. Dobson, Esq.
                          Timothy Domanick, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2012, the ANSWER TO DEFENDANT HASSLER'S CROSSCLAIMS was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service upon the following parties and participants:

Michael G. O'Neill, Esq.
*ATTORNEY FOR PLAINTIFF*
30 Vesey Street, Third Floor
New York, New York 10007

James M. Steinberg, Esq.
*ATTORNEY FOR DEFENDANT I.U.O.E. LOCAL 14-14B*
603 Warburton Avenue
Hastings-on-Hudson, New York 10706

Joseph H. Green, Esq.
*ATTORNEY FOR DEFENDANT HASSLER*
160 Broadway, Suite 500
New York, New York 10038

_____
Timothy Domanick, Esq.

4825-3899-3423, v. 1